[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12370
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:91-cr-00137-PCF-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON DALE RICKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 25, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Nelson Dale Ricks appeals his forty-eight-month, within-range sentence, imposed following the revocation of his supervised release. He argues that the sentence was both procedurally and substantively unreasonable. We affirm.

In reviewing a sentence, we must first determine whether the district court committed any procedural error. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A district court commits a procedural error if, for instance, it fails to consider all of the factors listed in 18 U.S.C. § 3553(a). See id. If the district court's decision is procedurally reasonable, the analysis turns to the substantive reasonableness of the sentence. Id. Our review, in this regard, is highly deferential. Id. "We may not . . . set aside a sentence merely because we would have decided that another one is more appropriate." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). We will vacate a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

Ricks argues that the district court relied on only one factor in fashioning his sentence—his criminal history. Ricks thus appears to argue that the district court failed to consider all of the factors listed in Section 3553(a). We are not persuaded by this argument. We have held that a district court is not required to

2

"state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that the district court considered the Section 3553(a) factors is sufficient. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Here, the district court expressly stated that "it has considered the factors set forth" in Section 3553(a). It also discussed in more detail some of those factors. The district court's sentencing decision was thus procedurally reasonable.

We also cannot say that the sentence imposed by the district court was substantively unreasonable. The term of forty-eight months imprisonment was within the guidelines range. Although we do not presume a sentence within the guidelines range to be reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). Ricks argues that the sentence must nonetheless be vacated in light of his testimony about the loss of his son and his sister's need for a kidney transplant.

The district court noted, however, that Ricks has a significant and lengthy criminal history. The district court observed that one of the offenses for which his supervised release was revoked—the commission of an aggravated assault with a deadly weapon—was serious. The district court expressed concern about

3

deterrence and public safety. It observed that the commission of the aggravated assault, which occurred about seven months into Ricks's term of supervised release, indicated that he was "not amenable to supervision." Taking all of this into account, we cannot say that the record leaves us with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Pugh, 515 F.3d at 1191 (quotation marks omitted). Ricks's sentence must therefore be affirmed.

**AFFIRMED.**